No. 23,014.

A. N. ALLEN, as Guardian of HARRY L. JENNER et al., Minors, *Appellee*, v. THE KNIGHTS AND LADIES OF SECURITY, *Appellant*.

### SYLLABUS BY THE COURT.

LIFE INSURANCE—*Proof of Death—Transcript of Coroner's Proceedings Incompetent Evidence.* A beneficiary certificate provided that it should be void if death of the certificate holder should occur as a consequence of his violating the law. A by-law of the society issuing the certificate required proof of death on prescribed blank forms. The forms prescribed required that, in case of violent death followed by a coroner's inquest, a duly authenticated transcript of the proceedings should accompany proof of death. The certificate holder died by violence, an inquest was held, and an authenticated transcript of the proceedings accompanied proof of death. The testimony of witnesses given at the inquest indicated, and the verdict of the coroner's jury was, that the deceased was accidentally shot while engaged in making an unlawful assault. In an action to recover on the certificate, the defendant offered the transcript in evidence. *Held,* the transcript was not admissible, either as independent evidence of the facts disclosed, or as an admission made in connection with proof of death.

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed February 12, 1921. Affirmed.

*R. B. Smith, C. M. Brobst,* both of Chanute, and *J. Q. Stratton,* of Erie, for the appellant; *A. W. Fulton,* of Chicago, Ill., of counsel.

*John J. Jones, James A. Allen, H. P. Farrelly,* and *T. R. Evans,* all of Chanute, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a beneficiary certificate issued by the defendant to Harry Jenner, and made payable to his two sons, the minors represented by the plain-

tiff. The court directed a verdict for the plaintiff, and the defendant appeals.

The certificate provided that it should be void if death of the certificate holder should occur as a consequence of his violating the law of any state. One of the conditions of the certificate was that no action in court might be maintained on the certificate until after proof of death and of the claimant's right to benefits, as provided for in the laws of the society, had been filed with the national secretary. The laws of the society required the national executive committee to prescribe blank forms for proof of death, and required all death proofs to be on the blank forms prescribed. On the back of the form which the executive committee prescribed were printed directions to persons making proof, under the heading, "Instructions to persons making proof." The sixth paragraph of these instructions reads as follows:

"In case of violent or mysterious death where coroner's inquests have been held, a duly authenticated copy of the coroner's proceedings, testimony of witnesses, and the verdict, must accompany the proofs."

Death of the certificate holder was occasioned by violence, an inquest was held, and an authenticated transcript of the coroner's proceedings, including testimony of witnesses given at the inquest and the verdict of the coroner's jury, accompanied proof of death filed with the national secretary. Some of the testimony indicated and the verdict was, that the deceased was accidentally shot while he was engaged in making an unlawful assault. The defendant offered in evidence the authenticated transcript. The court refused to allow the transcript to be read to the jury, and the ruling furnishes ground for the principal assignment of error.

The proceedings at the coroner's inquest were not independently admissible to prove, even *prima facie*, that the deceased was violating the law at the time of his death, or that his death was a consequence of his violating the law. The office of coroner and the coroner's inquest are not what they were at common law. The coroner has no judicial power, the inquest is not a proceeding *in rem*, and so far as private litigants are concerned it is *res inter alios acta*. In the state of Illinois, application of the rule which binds parties to civil suits by the results of coroner's inquests, entailed social consequences

so demoralizing that the supreme court of that state was obliged to advert to them in a decision which repudiated the rule, and expressly overruled a long line of earlier cases sustaining it. (*Spiegel's H. F. Co. v. Industrial Com.*, 288 Ill. 422, 6 A. L. R. 540.) The decision conforms to sound principles and, as the opinion shows, is sustained by the 'great weight of authority.

The defendant argues that the coroner's proceedings were receivable in evidence as an admission, because the authenticated transcript accompanied proof of death. The authorities on this subject are not harmonious, as case notes in 68 L. R. A. 285 and 45 L. R. A., n. s., 404, show. Review of the authorities will not be attempted. The correct principle is deduced and stated in 2 Wigmore on Evidence, page 1,265:

"The party's *use of a document* made by a third person will frequently amount to an approval of its statements as correct, and thus it may be received against him as an admission by adoption. A common instance of this application of the principle is the *insured's* or *beneficiary's* presentation of the *'proofs of loss'* to the insurer.

"The question ought to be, in each case, whether the beneficiary has in fact adopted the statements as his own." (§ 1073, ¶ 4 and note 5.)

The insurer may properly require the claimant under a certificate to prove death of the certificate holder, as a condition precedent to liability to action. In such case the claimant may choose his material and method. He may so interweave manner of death with proof of death that the two are inseparable, and taken together form one admission. (*Insurance Company v. Newton*, 22 Wall. 32; *Insurance Co. v. Higginbotham*, 95 U. S. 380.) He may in various other ways make his own and submit as true, matter which may conflict with his claim of liability on the part of the insurer, and so become bound, *prima facie*, by admission; but unless the assertion, representation or concession be his own, by adoption or otherwise, and be voluntarily made, he should not be bound on the principle of admission. Sometimes it is intimated or said that a claimant' is bound, *prima facie*, by the finding of manner of death contained in a coroner's verdict, because a copy of the verdict was furnished in obedience to a requirement of certificate or by-law. There is a clear distinction between contracting to furnish a specified document and admitting that the document furnished presents the truth. In this case the blank form

prescribed by the defendant's executive committee may fairly be said to require that an authenticated transcript of the proceedings at the inquest accompany proof of death. There is no contention that proof of death supplied independently of the transcript was not sufficient. The claimant might have omitted sending the transcript with proof of death, but for the fact the contract required him to furnish it. Therefore his action in doing so was essentially involuntary. The society secured the transcript for its own information and benefit, and without expense to itself; but the claimant vouched for nothing except that the document was an authenticated copy of designated matter lodged in the county clerk's office. He made no representation whatever respecting regularity of the inquest, truthfulness of testimony, or correctness of the verdict, and this court knows of no reason for holding that the authenticated copy was admissible in evidence for any purpose.

The defendant argues that it introduced sufficient evidence that the certificate holder met death as a consequence of violating the law, to require submission of the case to the jury. It would serve no useful purpose to review the evidence. The court has carefully considered it, and is of the opinion it did no more than furnish a basis for conjecture as to what occurred at the time the certificate holder was killed.

The judgment of the district court is affirmed.