SELZ-SCHWAB & Co., Plaintiff in Error, *vs.* THE INDUS-
    TRIAL COMMISSION *et al.*—(LULU POPULORUM *et al.*
    Defendants in Error.)

*Opinion filed April 20, 1927—Rehearing denied June 9, 1927.*

1. WORKMEN'S COMPENSATION—*statements of deceased are not competent to prove cause of injury—review.* Statements of a person injured, unless they be a part of the *res gestæ*, are not competent to prove the cause of the injury as they are self-serving declarations, and where objection to the testimony of one witness as to such statements is overruled the objector is not estopped to raise the question of the competency of the statements because he did not afterward object to similar testimony of another witness.

2. SAME—*when circumstantial evidence is not sufficient to sustain an award.* While courts will not interfere with the Industrial Commission's conclusions of fact unless they are manifestly against the weight of the evidence, where such conclusions, and an award of compensation based thereon for the death of an employee, must rest entirely on circumstantial evidence after striking out incompetent testimony of the statements of the deceased and the circumstances fail to show an injury in the course of the employment but merely leave the matter open to guess, conjecture or surmise, the finding and award must be held to be against the manifest weight of the evidence.

HEARD, J., dissenting.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. WILLIAM J. FULTON, Judge, presiding.

JOHN CLARK BAKER, DEGOY B. ELLIS, and IRVING M. WESTERN, for plaintiff in error.

PEFFERS & WING, for defendants in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The circuit court of Kane county entered judgment sustaining the award of the Industrial Commission to defendants in error for the death of Edward C. Populorum. The cause comes here on writ of error.

It appears that on August 13, 1924, Populorum was employed in the stock room of plaintiff in error at its factory in Elgin. Between 2:00 and 2:30 o'clock in the afternoon of that day the son of Populorum went into the stock room and found his father leaning against a bench with his hand on the left side of his stomach. His face was pale and he seemed to be in agony. Between three and four o'clock that afternoon Populorum walked to his home. On the next two days following he walked to his employment, although he appeared to be in pain. On Friday, the second day, he worked all day at the factory and went down-town on a street car to a barber shop, but soon after arriving there he became ill and was taken home in a taxicab. Later in the evening, on the advice of a physician, he was taken to a hospital. On Saturday an operation was performed and his appendix removed, but he continued to grow worse, and on Tuesday following a second operation was performed, but he died late that day.

Robert, a son of the deceased, testified that when he saw his father on Wednesday afternoon in the stock room he asked what was the matter with him; that he replied, "I just got hurt; I am going home;" that he waved his hand toward a bolt of satin about eighteen inches in diameter

and about four feet in length, weighing about 100 pounds, which was on a shelf, and added: "I was lifting up that and got hit in the side; I got this awful pain; I am going home; I cannot stand it." Another witness named Lowry testified that on Friday the deceased said to him that he had hurt himself in the stock room.

All testimony as to the statement made in the stock room by the deceased to his son was admitted over objection of plaintiff in error. No objection was offered to Lowry's testimony, but he did not testify until after the conversation of the deceased as detailed by Robert had been held competent over objection. Under such circumstances plaintiff in error is not estopped to raise the question of competency.

The medical testimony appears to agree that the immediate cause of death was a species of paralysis known to the medical profession as "paralyticus ileus." One of the physicians testified that this paralysis was caused by trauma, while another testified that it was caused by peritonitis and that it was impossible to trace such paralysis to an injury by lifting. The only other testimony in the record tending to show that the deceased was injured by lifting a bolt of satin was, that before noon the satin was shown to be on a table or bench, and when the son of the deceased went into the stock room at about two P. M. it was on a shelf about two and a half feet higher than the bench, and that the deceased was standing just under the bolt at that time. Evidence of one witness was offered to show that on Thursday evening following the day of the alleged injury the deceased had been seen pulling a child in a wagon for a distance of about two blocks.

The arbitrator found that the defendants in error were not entitled to receive compensation, for the reason it was not shown that the deceased sustained an accidental injury arising out of and in the course of his employment. On review the Industrial Commission reversed the arbitrator and entered the award complained of.

The principal question involved in the case arises over the testimony of the son, Robert, and the witness Lowry, as to statements of the deceased. This court has held in numerous cases that statements of a person injured, unless they be a part of the *res gestæ,* are not competent to prove the cause of the injury, as they are self-serving declarations. (*Spiegel's House Furnishing Co.* v. *Industrial Com.* 288 Ill. 422; *Peoria Cordage Co.* v. *Industrial Board,* 284 id. 90; *Chicago and Alton Railroad Co.* v. *Industrial Board,* 274 id. 336.) The testimony of the son and of Lowry is open to this objection. The rule also is that facts concerning an injury resulting in the death of the injured may be shown by circumstantial evidence, but such evidence must rest on something more substantial than mere guess, conjecture or surmise. (*Madison Coal Corp.* v. *Industrial Com.* 320 Ill. 298; *Springfield District Coal Co.* v. *Industrial Com.* 303 id. 528; *Peoria Terminal Co.* v. *Industrial Board,* 279 id. 352.) Without the statements of the deceased made to his son and to Lowry the record is devoid of evidence that the deceased received an injury while in the course of his employment. While the bolt of satin was shown to have been moved on the day of the injury there is no competent testimony to show who moved it, but that matter, in the absence of the incompetent statements of the deceased, is left entirely to conjecture. While there is evidence in the record that the paralysis from which deceased was found to be suffering was caused by trauma, the cause and circumstances of the trauma are, in the absence of the statements referred to, purely conjectural. Without those statements there is no evidence as to the cause of injury, if there was an injury.

Counsel for defendants in error cite *Chicago and Alton Railroad Co.* v. *Industrial Com.* 310 Ill. 502, as authority for their claim that there is evidence in this record of an injury. In that case there was evidence aside from any statement of the injured man that a heavy coupler was be-

ing carried when the deceased showed signs of being injured. In this record there is no evidence other than the statement of the deceased as to what occurred. While the courts will not interfere with the conclusions of fact reached by the Industrial Commission unless such conclusions are manifestly against the weight of the evidence, (*Mehay* v. *Industrial Com.* 316 Ill. 97,) courts are required to consider the record of evidence to determine that question.

We are forced to the conclusion that in this case the finding of the commission is against the manifest weight of the evidence, and the judgment of the circuit court must therefore be reversed and the award set aside.

*Judgment reversed and award set aside.*

Mr. JUSTICE HEARD, dissenting.