JESSIE FREDERICK, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE VERMILION MALLEABLE IRON COMPANY, Plaintiff in Error.)

*Opinion filed February 24, 1928—Rehearing denied April 16, 1928.*

1. WORKMEN'S COMPENSATION—*claimant for compensation for death of employee must prove accidental injury.* A party claiming compensation for the death of an employee must prove by competent evidence that the deceased sustained an accidental injury in the course of and arising out of his employment.

2. SAME—*what statement of deceased employee is not part of res gestæ.* Statements of a person injured, unless they are a part of the *res gestæ,* are not competent to prove the cause of the injury, as they are self-serving declarations; and where compensation is claimed for the death of an employee from lobar pneumonia, alleged to have resulted from an injury, testimony of a fellow-employee that the deceased, about the time of the alleged injury, said, "Something snapped in my back," is not admissible, as the statement testified to is merely a narrative of a past event and not a part of the *res gestæ.*

3. EVIDENCE—*what is necessary for declaration to be part of res gestæ.* To be a part of the *res gestæ* a declaration must affect the act which is the subject of inquiry and explain, illustrate, qualify, limit or characterize it, and must not be a narrative of a past transaction.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. S. MURRAY CLARK, Judge, presiding.

MOLONEY & POSTELNEK, and LOUIS J. BREMER, (PETER POSTELNEK, of counsel,) for plaintiff in error.

ARTHUR R. HALL, and CHARLES W. FLEMING, for defendant in error.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, by leave of this court, has sued out a writ of error to review an order and judgment of the circuit court of Vermilion county setting aside a decision of the Industrial Commission and awarding $4000 to defendant in error from plaintiff in error.

Jessie Frederick, defendant in error, filed with the Industrial Commission a claim for compensation against the Vermilion Malleable Iron Company, plaintiff in error, on account of the death of her husband, Samuel Frederick, a former employee of plaintiff in error. She claimed that said employee on March 14, 1924, sustained an accidental injury arising out of and in the course of his employment with plaintiff in error and that this injury resulted in his death on March 24, 1924. All jurisdictional facts necessary to bring the case within the statute and support an award were admitted. A hearing was had before an arbitrator. The evidence showed that Frederick died March 24, 1924, of acute nephritis and lobar pneumonia. Plaintiff in error then contended, and now contends, that the evidence in the record did not show that deceased had received an accidental injury arising out of and in the course of his employment and that his death was the result of such accidental injury. The arbitrator rendered a decision disallowing the claim for compensation on the ground that the claimant "did not discharge the burden of proof that the injury of March 14, 1924, had any direct connection with the acute nephritis and lobar pneumonia which caused the death of deceased on March 24, 1924." A petition for review was filed by defendant in error, and after hearing further evidence the Industrial Commission affirmed the decision of

the arbitrator. A writ of *certiorari* was sued out of the circuit court of Vermilion county, which court entered an order remanding the cause to the Industrial Commission for the taking of further evidence, recited in the order that the court was of the opinion that the statements of deceased at the time of the alleged injury were a part of the *res gestæ* and were competent evidence, and that defendant in error should be allowed to prove the same. Subsequently to the remanding order a hearing was had before the Industrial Commission, at which time statements of deceased were admitted in evidence over the objection of plaintiff in error, and additional evidence was heard, after which the Industrial Commission again entered a decision disallowing the claim for compensation and affirming the award of the arbitrator. Defendant in error thereupon sued out a second writ of *certiorari* from the circuit court of Vermilion county, and a hearing in that court resulted in the judgment and order now under review.

For about two years prior to his death Frederick had been in the employ of plaintiff in error as a molder. His duties, among other things, required him to carry ladles of molten metal a distance of about fifteen or twenty feet from a room where the iron was heated, to molds, into which he would pour the metal. The weight carried was about forty-five or fifty pounds. On March 14, 1924, he performed this work in the same manner as he had been doing it for two years previously. On this day, about five minutes before quitting time, a brother of the deceased, who was engaged in the same work, after pouring some molds was walking back with his empty ladle when he saw the deceased standing about four feet away from him, his ladle about one-fourth full, behind one of the molds. At this time deceased had his right hand back of his left shoulder. On the hearing before the commission after remandment the brother was allowed to testify, over plaintiff in error's objection, that at that time the deceased said to his brother,

"Something snapped in my back." It is the contention of defendant in error that at that time the deceased strained one of the muscles of his shoulder, and that the straining of this muscle caused conditions which gave rise to the nephritis and lobar pneumonia, which caused death.

To sustain an award in this case it was necessary that defendant in error prove by competent evidence that the deceased sustained an accidental injury in the course of and arising out of his employment. No eye-witnesses testified to his having received such accidental injury. No person other than his brother testified to anything occurring at the time and place where it is claimed the injury occurred. Without the statement of the deceased made to his brother, and a similar statement made to his physician, the record is devoid of evidence that the deceased received an injury while in the course of his employment. This court has held in numerous cases that statements of a person injured, unless they be a part of the *res gestæ*, are not competent to prove the cause of the injury, as they are self-serving declarations. (*Selz-Schwab & Co.* v. *Industrial Com.* 326 Ill. 120, and cases cited.) To be a part of the *res gestæ* a declaration must affect the act which is the subject of inquiry and explain, illustrate, qualify, limit or characterize it and must not be narrative of a past transaction. If it is merely a history or part of the history of a past affair it is not a part of the *res gestæ*. (*Cooke Co.* v. *Miller Brewing Co.* 316 Ill. 46; *City of Chicago* v. *McKechney,* 205 id. 372; *McMahon* v. *Chicago City Railway Co.* 239 id. 334; *People* v. *Willy,* 301 id. 307.) The statement of deceased, "something snapped in my back," was merely narrative of a past event, and was therefore not a part of the *res gestæ* and not properly admissible in evidence.

The Industrial Commission twice confirmed the finding of the arbitrator that defendant in error did not discharge the burden of proof that the injury of March 14, 1924, had any direct connection with the acute nephritis and lobar

pneumonia which caused the death of the deceased on March 24, 1924, and it is contended by plaintiff in error that the circuit court erred in setting aside the finding of the commission upon this controverted question of fact, upon which there was a considerable amount of testimony upon both sides. It is not necessary to discuss or decide that question, as the judgment and order of the circuit court must be reversed for the reason that there is no competent evidence in the record showing or tending to show that deceased sustained an accidental injury arising out of and in the course of his employment.

*Judgment reversed.*