(No. 19396.—)
ANNA RECKLEIN, Plaintiff in Error, *vs.* THE INDUSTRIAL
COMMISSION *et al.*—(THE AMERICAN ZINC COMPANY
OF ILLINOIS, Defendant in Error.)

*Opinion filed October 19, 1929—Rehearing denied Dec. 7, 1929.*

D. E. KEEFE, and PHILIP G. LISTEMAN, for plaintiff in error.

WHEELER & OEHMKE, (WILLIAM C. DUNHAM, of counsel,) for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Anna Recklein, widow of Charles F. Recklein, deceased, by leave of this court has sued out a writ of error to review an order of the circuit court of St. Clair county confirming the report of the Industrial Commission denying her compensation for the death of her husband.

On March 26, 1926, deceased was in the employ of the American Zinc Company as a fireman in the pottery department of its plant, and at 7:00 A. M. of that day he began on a twenty-four-hour shift. His duty was to fire a condenser kiln, which was situated in a pit about five feet deep, six feet wide and seven feet long, with surrounding concrete walls. His work required him to be in the pit, where he fired the furnace with coal, loosened and extracted clinkers which formed on each side of the furnace and which had to be frequently loosened by use of an iron bar and drawn out of the fire-box in order to get the required draft for the fire. While loosening clinkers from the north side of the furnace the fireman was necessarily compelled to put his weight against the iron bar, with his left foot and knee in front of his right foot, the left knee being a little less than a foot from the concrete wall on the north side of the pit. While in this position, if the bar were sud-

denly released by the clinker breaking, the fireman's leg might be thrown against the concrete wall. At 6:30 A. M. on March 27, 1926, George Bruner, a fellow-workman, on arriving at the plant found deceased standing near the place where he usually worked. He noticed that he was pale and appeared to be in pain. Deceased, upon inquiry as to what was the trouble, replied that he had been hurt during the night. William Recklein, a son of deceased and a foreman of the department in which deceased worked, about 6:30 on this morning found him sitting on a stool outside of the pit and asked him what was the trouble and how he had received his injury. Deceased told him. He was taken to his home, put to bed, and thereafter taken to a hospital in East St. Louis, where he died March 31, 1926.

The family physician examined deceased about 8:30 on the morning of March 27 and found that he had a contusion and discoloration at the junction of the patella and the inner side of the knee. The physician attended him the next day and discovered that there was more swelling and that the patient had some temperature. On the following day his condition grew worse, and quinine and strychnine were administered to relieve the pain. On the fifth day he was taken to a hospital, where he was operated on and died a short time thereafter. The doctor testified that the deceased died of traumatic abscess, and that the condition that he found on his leg on the first day was a contusion, which was caused by external violence. He further testified that trauma, which is a condition produced by external violence, caused his death; that because the deceased was a very thin man a slight trauma would have a more serious result than it would on a man with more flesh.

On the hearing before the arbitrator the petitioner offered to prove by the witness William Recklein that while he was on duty as foreman in the plant of the American Zinc Company on the morning of March 27, he found the

deceased, Charles Recklein, sitting on a sort of an impro-
vised stool resembling a sawbuck; that when he saw him
sitting there he asked him what was the trouble, and he
told him that he was endeavoring to take out or break up
a clinker while engaged in the firing which he was required
to do; that while he was doing that work he thought he
had hold of a clinker or had a pry under it, and the poker
slipped and he was thrown against the side of the wall and
struck the cap of his left knee; that it was paining him
and he was unable to walk. An objection was sustained
to this offer.

To entitle plaintiff in error to an award in this case it
was necessary that it be proven by competent evidence that
deceased sustained an accidental injury in the course of
and arising out of his employment. No eye-witness testi-
fied to his having received such an accidental injury. No
witness testified as to the circumstances under which de-
ceased received the contusion described by the physician.
The statement of deceased to Bruner that he had been hurt
during the night, and his statement as to the circumstances
of the injury sought to be proven by William Recklein,
were not competent evidence. This court has held in
numerous cases that statements of a person injured, unless
they be a part of the *res gestæ,* are not competent to prove
the cause of the injury, as they are self-serving declarations.
To be a part of the *res gestæ* a declaration must affect the
act which is the subject of inquiry, must explain, illustrate,
qualify, limit or characterize it, and must not be a narrative
of a past transaction. If it is merely a history or part of
the history of a past event it is not a part of the *res gestæ.*
(*Frederick* v. *Industrial Com.* 329 Ill. 490; *Selz-Schwab
& Co.* v. *Industrial Com.* 326 id. 120.) The statements of
deceased to Bruner and William Recklein were merely self-
serving narratives of a past event, and were therefore not
a part of the *res gestæ* and not properly admissible in
evidence for the purpose of showing the circumstances un-

der which the injury was received or that it was sustained by him in the course of, and arising out of, his employment.

Plaintiff in error having failed to prove by competent evidence that deceased sustained an accidental injury in the course of and arising out of his employment, as the result of which he died, the court properly sustained the order of the Industrial Commission denying plaintiff in error compensation under the Workmen's Compensation act.

*Judgment affirmed.*