(No. 2485—)

ANNA PECK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

BUSCH & HARRINGTON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For about nine months prior to June 14th, 1934, Sherman Earl Peck was regularly employed at the University of Illinois in the Physical Plant Department, as a janitor. On June 7th, 1934 he worked in the basement of the New Gymnasium helping to place chairs on the floor for commencement exercises, and on June 9th, 1934 he worked from 9:00 p. m. to 11:00 p. m. in the Quadrangle and the University Auditorium removing chairs and band equipment after the president's reception. The chairs were conveyed on a small truck and were piled thereon in such manner that the top of the load was about level with the chest of the mover, or somewhat higher.

Claimant, who is the widow of said Sherman Earl Peck, contends that Mr. Peck was struck in the side while moving chairs as above set forth, and that the injury so received was the cause of his death which occurred on June 20th, 1934.

About June 1st Mr. Peck suffered with abdominal distress and consulted his family physician, Dr. Dalton, who diagnosed the trouble as chronic appendicitis. Mr. Peck, however, continued with his work until June 14th. While at work on that date he suffered considerable pain, accompanied by a swelling on his right side in the region of the appendix, which swelling he showed to some of his fellow workmen. He telephoned Dr. Dalton from his place of work, and then went home. The doctor called at Mr. Peck's home, and had him immediately taken to the hospital, where the doctor operated at once, with the idea in mind that the patient was suffering from an attack of appendicitis.

However, as the result of such operation, it was found that the appendix was practically normal; that there had been an acute hemorrhage in the abdominal wall; and that there was evidence of a severe bruising of, or trauma to the abdominal muscles, although there was no discoloration or other external evidence thereof. The bruised area was about two inches in diameter. The hemorrhage extended down deep into the muscle, and required packing of the wound to control the hemorrhage. The swollen area was right over the appendix region, and was in the abdominal wall itself, between the outer and inner abdominal walls. Following the opera-

tion, septicemia developed and Mr. Peck died on June 20th, 1934.

Dr. Dalton, the attending physician, originally diagnosed the case as chronic appendicitis, but testified on the hearing that the operation disclosed that the appendix was practically normal, and that the cause of death was septicemia due to an infection of the abdominal wall, and that the septicemia was brought about by an injury to the abdominal wall.

From the evidence in the record, there is no question but what the employer and employee were both operating under the terms and provisions of the Workmen's Compensation Act, and the only question involved in this case is the question of whether the claimant's intestate sustained an accidental injury which arose out of and in the course of his employment, and if so, the amount of the compensation which is to be paid on account of his death.

The only testimony offered by the claimant to show that Mr. Peck sustained accidental injuries which arose out of and in the course of his employment was the testimony of Dr. A. J. Dalton, the attending physician; Reverend E. H. Heicke, and Anna Peck, claimant herein. The testimony of Dr. Dalton and Reverend Heicke was based upon statements made to them by Mr. Peck after the operation, to wit, either five or seven days after the date of the injury, and the testimony of Mrs. Peck was based upon statements made to her by her husband after he returned home from work at the University on the day on which the injury is alleged to have been sustained. None of these statements are part of the res gestae, and consequently none of such statements are competent evidence in the case.

Claimant maintains that the testimony of Dr. Dalton as to the statements made to him by Mr. Peck was properly admissible, and cites the case of *Cuneo Press Co.* vs. *Ind. Com.*, 341 Ill. 572, in support of her contention. An examination of that case, however, discloses that the statements made to the doctor in that case were with reference to the part of the employee's body which was injured, and not with reference to the cause of the injury.

The rule is stated in Angerstein's "The Employer and the Workmen's Compensation Act," Page 79, Section 43, as follows:

"The statements of a deceased employee either to a physician or to other witnesses, are not competent to prove that an accidental injury was sustained, or to prove the cause of the injury, or that it was due to an accident arising out of and in the course of the employment."

There is, of course, an exception to this rule in the case of statements which are a part of the res gestae, but clearly none of the statements to Dr. Dalton, to Reverend Heicke, or to Mrs. Peck were part of the res gestae.

The case of *Spiegel's H. F. Co.* vs. *Ind. Com.*, 288 Ill. 422, was very similar to the present case. In that case the court said:

"No one saw Cloyes (the employee) receive the injury, and he did not tell his employer or any of his fellow employees about receiving it. The only proof that the injury arose out of and in the course of his employment was (1) the testimony of his widow and of his physician that he had told them he received his injury at his employer's store while passing through a narrow aisle while showing customers goods in plaintiff in error's store, and by striking his arm just above the elbow, against a sharp corner of a dresser."

\* \* \* \* \*

"The sole question raised in this case is whether or not there is any competent evidence in the record showing that the death of Cloyes was caused by an injury which arose out of and in the course of his employment. The oral testimony bearing upon that question, heard before the arbitrator and the Industrial Commission over the plaintiff in error's objection, was hearsay and incompetent. That testimony consisted of statements of the witnesses of what the deceased told them about when, where and how he received the injury and what he was doing at that time. No one testified who had any knowledge of those facts except from the statements made to them by the deceased. Declarations made by one injured, to his attending phyisician, are admissible when they relate to the part of his body injured, his suffering, symptoms and the like, but not if they relate to the cause of the injury. This rule is more rigorously enforced when applied to lay witnesses. *Chicago and Alton Railroad Co.* vs. *Industrial Commission, 274 Ill. 336.*"

After considering other points raised, the court said: "There is no competent evidence in the record tending to prove that the injury to deceased arose out of and in the course of his employment."

Although Mr. Peck was working with five other janitors, he did not mention the fact of his injury to any of them, and none of them knew or heard that he sustained an injury. Before he left for home on the night he was operated, he showed some of his fellow employees a swelling on his side, but did not say anything to them with reference to the cause

of such swelling, and did not mention anything about having received an injury while at work.

The claimant also relies upon the following statement in the stipulation of facts herein, to wit:

"That the said Sherman Earl Peck at the time of the injury, was working with several other employees of the University of Illinois all employed by the physical plant department, assisting in moving chairs and other equipment."

It would be far-fetched construction of the foregoing statement, if it were construed to be an admission of the fact that Mr. Peck sustained an accidental injury, but even if it could be so construed, it would be an admission of one of the ultimate facts in the case, and the stipulation by its terms was not intended to cover any question of ultimate liability. Section 13 of such stipulation provides as follows:

"That the sole intent of this stipulation is to set forth accurately a portion of the material facts in this cause; that nothing herein is to be taken as an attempt to fix or determine any question of ultimate liability."

Furthermore, such stipulation provides that it is subject to the approval of the Attorney General, but it does not bear such approval.

The burden of proof is upon the claimant to show that Mr. Peck sustained accidental injuries which arose out of and in the course of his employment. Such proof may be established either by direct or circumstantial evidence. *Porter* vs. *Industrial Commission*, 301 Ill. 76-78.

In this case, however, all of the competent evidence in the record, both direct and circumstantial, together with all of the inferences which may reasonably be drawn therefrom, fails to establish the fact that said Sherman Earl Peck sustained an accidental injury which arose out of and in the course of his employment.

Claimant also takes the position that even if there were no legal liability on the part of the State, she is entitled to an award on the grounds of equity and good conscience. The question of the right of this court to allow an award solely on the grounds of equity and good conscience was fully considered in the case of *Crabtree* vs. *State,* 7 C. C. R. 207, in which we held that the jurisdiction of this court to allow an award is limited to claims in respect of which the claimant would be entitled to redress either at law or in equity if the State were suable. The decision of the court in the Crabtree

case has been followed in many, many cases since that time and is now the well established rule of this court. *Kramer* vs. *State,* 8 C. C. R. 31; *Shumway* vs. *State,* 8 C. C. R. 43; *Titone* vs. *State,* No. 2475, decided at the January term, 1937.

Under the facts in the record, we have no authority to allow an award.

Award denied. Case dismissed.