ILLINOIS EMERGENCY RELIEF COMMISSION, No. 36.

EDWIN R. PERRY, Claimant, *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed October 19, 1940.*

ADVISORY OPINION BY MR. JUSTICE YANTIS.

## OPINION.

Your Statement of Facts states that "The claimant is requesting that the Illinois Emergency Relief Commission provide the necessary medical, surgical and hospital services which may be reasonably required to cure or relieve claimant from the effects of his injury and to make payment therefor from the Compensation Insurance Reserve Fund. He does not ask for temporary total or permanent total disability."

In his application for adjustment of claim (line 17) claim is made for "compensation to the amount of any cost of having injury repaired and salary for time lost." To authorize an award for hernia Section 8 (d-1) of the Illinois Workmen's Compensation Act requires that it must appear that—

1. The hernia was of recent origin;
2. Its appearance was accompanied by pain;
3. That it was immediately preceded by trauma arising out of and in the course of the employment; and
4. That the hernia did not exist prior to the injury.

Section 24 of the Act provides:

"No proceedings for compensation under this Act shall be maintained—unless notice of the accident has been given the employer as soon as practicable, but not later than thirty days after the accident, except in cases of hernia, in which cases notice shall be given the employer within fifteen days after the accident."

Hernias primarily and in the great majority of cases are due to diseased or weakened condition of the abdominal walls and relaxation of the inguinal rings. Sometimes an employee's physical condition is aggravated or accelerated and a strain will cause the hernia to appear. The mere fact that

a hernia occurs while an employee is at work is not sufficient to impose a compensation liability, and there must be actual proof of an accidental injury as in other cases. A sudden strain caused by lifting or slipping might constitute such an accident, but to impose liability under the Compensation Act, such accident must be proven under the rules of evidence. In the statement and supporting exhibits submitted by you, the only proof of an accidental strain to Edwin R. Perry in his affidavit where he says, that "in moving the table, he twisted his right leg and at the same time felt a sharp biting pain in his lower right side. That he was forced to sit down a few minutes until the pain passed, after which he continued with the moving work. That from that day on he noticed a peculiar gnawing pain in his abdominal region which at times was accompanied by nausea. That except giving word to Neamy and Baldwin he did not notify anyone connected with the Illinois Emergency Relief Commission of this injury until the 22nd day of January, 1940, at which time he notified Mrs. Wood, Supervisor of that office." Notice within 15 days is required. (Sec. 24, W. C. A.)

From the employee's statement itself twenty-five days elapsed between the time Mr. Perry noticed the pain in his side until he notified his employer. Having failed to bring himself within the requirements of the Workmen's Compensation Act, no legal basis for allowing a claim for such alleged accident on a complaint for hernia, exists.

In addition, the statement and exhibits disclose only meager evidence in support of the other four requirements above enumerated.

The testimony of Mr. Baldwin (as shown by his affidavit) only purports to quote a narrative statement of the employee himself, which was not concurrent with the accident but was quoted to the Supervisor several days thereafter by a fellow-employee of Mr. Perry. As such that would not form a part of the res gestae and would not be competent proof. (See *Frederick* vs. *Ind. Comm.*, 329 Ill. 490.)

The evidence submitted by Mr. Baldwin, the Supervisor, as indicated by his affidavit, is further that Perry made no statement to him on the day of the work in question, concerning any injury he may have suffered on that day, and that he received his first information regarding any complaint through Perry's fellow-employee Neamy several days there-

after; that when Perry returned to work (presumably the latter part of January) the latter told him of the purported accident and that a rupture had resulted. Perry's affidavit states that the alleged strain or accident occurred on December 28, 1939, but that he did not seek medical assistance until January 9, 1940.

In our opinion the statement of facts and supporting affidavits submitted by you fail to disclose the essential elements necessary to justify an award in the case of an injury resulting in hernia, bearing in mind that the Workmen's Compensation Act requires adequate proof that—

1. The hernia was of recent origin;

2. Its appearance was accompanied by pain;

3. That it was immediately preceded by trauma arising out of and in the course of the employment; and

4. That the hernia did not exist prior to the injury.