(No. 26644.—

Sidney Wanzer & Sons, Inc., Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Emily Nicosia, Defendant in Error.)

*Opinion filed September 25, 1942.*

Bernard F. Martin, Thomas C. Angerstein, George W. Angerstein, and Wendell H. Shanner, (Charles Wolff, and Thelma Brook, of counsel,) for plaintiff in error.

Mr. Chief Justice Stone delivered the opinion of the court:

The circuit court of Cook county affirmed an award of the Industrial Commission awarding compensation to de-

fendant in error as widow of a deceased employee of plaintiff in error. The facts as to which there is no dispute are that Peter Nicosia, deceased, husband of the defendant in error, was, on February 6, 1936, employed by plaintiff in error, and the claim of his widow in this cause is that he received an injury which arose out of and in the course of his employment and which resulted in his death on June 18, 1938. Following the alleged injury on February 6, 1936, plaintiff in error paid him weekly installments of $16, beginning February 7, 1936, terminating May 24, 1936, aggregating $246.86. On July 10, 1936, he filed with the Industrial Commission an application for adjustment of claim for injury sustained on February 6th of that year. No hearing was ever had on that application.

Nicosia died of tuberculosis on June 18, 1938, and on July 1 following, his widow, the defendant in error here, filed her application for adjustment of claim with the Industrial Commission alleging that the death of her husband was caused by the injury occurring on February 6, 1936. The arbitrator, on hearing, entered a finding that Peter Nicosia, the deceased, did not, so far as shown by evidence, sustain an accidental injury arising out of and in the course of his employment and that his widow, defendant in error here, is not entitled to recover compensation. On review before the commission on that record, and with the certificate of death showing death to have been caused by "pulmonary tuberculosis," and no other additional evidence, the Industrial Commission found that Nicosia had died as a result of an injury sustained February 6, 1936, while in the employ of plaintiff in error, and entered an award. The circuit court affirmed the award.

As we have stated, the only evidence of an injury was that offered before the arbitrator. Peter Nicosia was an employee of plaintiff in error as a milk-wagon driver for a period of about ten years. During the last four years prior to the date of the alleged injury he employed a school

boy named Hollander to assist him in making deliveries in the mornings before school. Hollander testified that on February 6, he met deceased at about five o'clock in the morning and saw him make about four deliveries in a court of an apartment building, and that in making such deliveries he walked slowly and in a bent position both in climbing and descending stairs. Thereafter Hollander made the balance of the deliveries until about nine o'clock when he and the deceased went to a drug store where the latter telephoned his employer and a route foreman and a helper named Ralph Nosegaard were sent out to deliver for the balance of the route.

Over objection of plaintiff in error the witness Hollander testified that he heard Nicosia say that when he went down that morning to load milk on his wagon, he grabbed one of the cases coming off the conveyor and it pulled him right over and he had a pain in his back. Nosegaard also testified over objection that he heard Nicosia say that he hurt his back. This is the only evidence in the record as to an injury. A report was shown to have been made by someone to the Commission, that there was an accident to Nicosia in which his back was injured. There is no proof as to the authenticity of this report. It had no evidentiary value. No evidence other than indicated appears in the record as to an injury to deceased. He was shown to have been tubercular prior to February 6, 1936.

The rule concerning the competency of statements by the person injured is that unless such statements are a part of the *res gestae* they are not competent to prove injury or the cause thereof, as they are self-serving declarations. (*Selz-Schwab & Co.* v. *Industrial Com.* 326 Ill. 120; *Spiegel's House Furnishing Co.* v. *Industrial Com.* 288 id. 422; *Peoria Cordage Co.* v. *Industrial Board,* 284 id. 90.) Without the improperly received statement of the decedent made in the presence of witnesses Hollander and Nosegaard, the record is devoid of evidence that deceased received an

injury while in the course of and which arose out of his employment. The record shows he died of tuberculosis something over two years after the date of the alleged injury.

The opinions of three physicians were introduced before the arbitrator, each based on a hypothetical question, predicated upon the statement of the deceased to his employer's route foreman that he had injured his back while loading cases of milk. The questions put to the doctors in so many words assumed that the deceased had so injured his back. It is upon this basis that they testified there might be causal connection between the injury received and his death. As this hypothesis was not supported by evidence, their opinions do not afford evidence of causal connection between the death of Nicosia and the alleged injury on February 6, 1936.

It has been, since the enactment of the Workmen's Compensation Act, held that the claimant has the burden of establishing by competent evidence, not only that an accidental injury occurred but that there was causal connection between such injury and the death for which compensation is claimed. The evidence must also show that such injury arose out of and in the course of the employment. Where the evidence does not establish those facts, and an award is granted it, must be set aside. *Shell Petroleum Corp.* v. *Industrial Com.* 366 Ill. 642; *Boyer Chemical Laboratory Co.* v. *Industrial Com.* id. 635; *Jolly* v. *Industrial Com.* 341 Ill. 46.

A review of the record in this case clearly discloses that the finding of the commission is not based on competent evidence as to the material fact of the injury. The commission erred in setting aside the report of the arbitrator and in entering an award, and the circuit court erred in affirming that award. It is unnecessary to consider other errors assigned. The judgment of the circuit court is reversed and the finding and award of the Industrial Commission are set aside.

*Judgment reversed; award set aside.*