(No. 12854.—Reversed and remanded.)

THE TRIBUNE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CHARLES KIDD, Defendant in Error.)

*Opinion filed December 17, 1919.*

1. WORKMEN'S COMPENSATION—*employer cannot avoid liability by making contract.* An employer who is within the terms of the Compensation act cannot avoid liability thereunder by making a contract with his employee.

2. SAME—*when commission has jurisdiction though no claim for compensation was filed.* Where an employer who is under the Compensation act voluntarily agrees to and does pay weekly installments for some nine weeks for a supposed temporary injury to an employee, and a year later, the employee not having recovered, agrees to a voluntary settlement which the Industrial Commission approves, the commission has jurisdiction, within eighteen months after the settlement, to review it on the ground of increased disability, even though the settlement agreement states that it is purely voluntary on the part of the employer after the commission had lost jurisdiction because the employee had not filed a claim for compensation within six months after his injury.

3. SAME—*lump sum settlement may be reviewed on ground that disability has recurred or increased.* The power of the Industrial Commission, under paragraph (*h*) of section 19 of the Compensation act, to review an award on the ground that the disability has recurred or increased is not limited to awards payable in installments but includes lump sum settlements. (*Peoria Railway Co.* v. *Industrial Com. ante,* p. 177, followed.)

4. SAME—*judgment in the circuit court cannot direct payment of award and order execution to issue.* On a review of an award by *certiorari* in the circuit court the Compensation act does not authorize a judgment directing the payment of the award and ordering execution to issue.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

RALPH F. POTTER, and KENNETH B. HAWKINS, for plaintiff in error.

JOHN T. BYRNES, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Charles Kidd, an employee of the company which publishes the *Chicago Tribune,* while at work in the course of his employment in the shipping department, slipped on some paste in the basement of the Tribune building August 23, 1915, and sustained an injury to his left knee, for which he was paid compensation by the Tribune Company at the rate of $6 per week (one-half his weekly wages) for nine weeks, the last payment being made in October, 1915. In March, 1917, Kidd, not having recovered from the injury, entered into negotiations and executed a contract of settlement with the plaintiff in error company, under which he was paid $150 in cash. This settlement contract was confirmed by the Industrial Commission as an award under the Workmen's Compensation act in said month. On July 23, 1918, Kidd filed a petition for review with the Industrial Commission on the ground that his injury had recurred and increased and had produced derangement of the hip and other injuries. After due notice to the plaintiff in error corporation, the commission on March 5, 1919, rendered its decision finding the applicant's injury had recurred and increased as the result of the accident and entered an award in his behalf. A writ of *certiorari* was sued out of the circuit court of Cook county, and on hearing that court confirmed the decision of the Industrial Commission, the court thereafter certifying that the cause was one proper to be reviewed by this court.

Counsel for plaintiff in error (the Tribune Company) argue that the statutory period for making a claim for compensation under the Workmen's Compensation act, as provided in section 24, had expired before the settlement contract was executed, and therefore the Industrial Commission was without jurisdiction to entertain or to approve the claim. The time elapsed between the last payment and the voluntary settlement was less than eighteen months. Counsel for defendant in error, however, argues that juris-

diction was conferred by consent and stipulation of the parties, and that therefore, under the provisions of paragraph (*h*) of section 19, read in connection with the other provisions of the Workmen's Compensation act, the cause was rightly reviewed by the Industrial Commission. Counsel for plaintiff in error insist that under the reasoning of this court in *Haiselden* v. *Industrial Board,* 275 Ill. 114, *Bushnell* v. *Industrial Board,* 276 id. 262, and *Barrett Co.* v. *Industrial Com.* 288 id. 39, the claim for compensation not having been filed within the time prescribed by section 24 of the Workmen's Compensation act, the Industrial Commission was without jurisdiction, sixteen months after the last voluntary payment by plaintiff in error, to approve the voluntary settlement award, and that the approval of that award in March, 1917, did not give jurisdiction to the Industrial Commission under the provisions of paragraph (*h*) of section 19 of the act, which reads: "An agreement or award under this act, providing for compensation in installments, may at any time within eighteen months after such agreement or award be reviewed by the Industrial Board at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended." (Hurd's Stat. 1917, p. 1462.) It is argued by counsel for plaintiff in error that the agreement for this settlement award in March, 1917, specifically states that the settlement was made after jurisdiction had been lost under the Workmen's Compensation act, and that the settlement by plaintiff in error was purely voluntary on its part and not required by the act, and that therefore such settlement did not give the Industrial Commission jurisdiction.

This court has said in considering the above question that an employer cannot relieve himself from liability under the Workmen's Compensation act by a contract with an employee. (*Chicago Railways Co.* v. *Industrial Board,* 276 Ill. 112.) In *Wabash Railway Co.* v. *Industrial Com.* 286

Ill. 194, we said (p. 197) : "Plaintiff in error was operating under the act, and any settlement or agreement made with an injured employee must be considered as having been made under the act, whether so expressly stated or not. It is contrary to the policy of the act to allow an employer, while choosing to come under its provisions by not filing an election in writing to the contrary, to relieve himself from liability under the act by private agreement or contract with the employee. * * * This was such an agreement as is contemplated by paragraph (*h*) of section 19 of the act, and as the petition for review was filed with the commission within eighteen months after the agreement was entered into, the applicant was properly allowed to show that his disability had recurred subsequent to the making of the agreement." We think this reasoning applies with full force to the record in the present case and fully answers the argument of plaintiff in error that it did not waive the running of the statute as to the time for review by entering into such settlement agreement. Section 24 of the Workmen's Compensation act contains a provision to the effect that technical notice is not necessary provided the employer has actual notice, and the general rule seems to be that while the defendant may make a *quasi* appearance for the purpose of objecting to the manner in which he is brought before the court, and, in fact, to show that he is not legally there at all, "if he ever appears to the merits he submits himself completely to the jurisdiction of the court and must abide the consequences." (*Crull* v. *Keener,* 18 Ill. 65; see, also, *Supreme Hive Lady Maccabees* v. *Harrington,* 227 id. 511.) The weight of authority, we think, is in accord with this holding. By the settlement agreement both parties submitted to the jurisdiction of the Industrial Commission on the merits of the case, and the conclusion necessarily follows that they waived jurisdiction as to the time limitation with reference to voluntary payment, even though the agreement stated to the contrary. It is clear from the wording of the

Workmen's Compensation act that the employer can waive the question of time as to when the claim shall be filed. Section 24 of said act specifically so provides, and some of the decisions already cited show that it has been so held. We do not agree with the argument of counsel that the question of the time when the application was filed is one of jurisdiction of the subject matter rather than jurisdiction of the person. See *Storrs* v. *Industrial Com.* 285 Ill. 595, and cases cited.

Some suggestion is also made in the briefs of plaintiff in error that paragraph (*h*) of section 19 of the Workmen's Compensation act only provides for review when the payments are to be made in installments, and that this was a lump sum settlement and so called in all of the papers filed, and that the $150 payment under the voluntary settlement agreement was a lump sum settlement or award and therefore not reviewable under the Workmen's Compensation act. This court has held to the contrary in *Peoria Railway Co.* v. *Industrial Com.* (*ante,* p. 177.) That decision must control and the law must be held to apply in such a way as to grant a review of this lump sum settlement.

The reasoning of the decisions already cited requires us to hold that the Industrial Commission rightly held that it had jurisdiction to review this lump sum settlement and modify its award as to the applicant on the ground that the injury had recurred and increased. No question seems to be raised as to the judgment of the Industrial Commission in favor of applicant being proper and in accord with the facts as presented on the rehearing, if the Industrial Commission had jurisdiction to hear the matter. Under the holding of this court, however, there is nothing in the statute authorizing a judgment in the circuit court, as shown in this record, directing the payment of the amount of the award and ordering execution to issue. *Baum* v. *Industrial Com.* 288 Ill. 516; *Otis Elevator Co.* v. *Industrial Com.* 288 id. 396.

The judgment of the circuit court must therefore be reversed and the cause remanded, with directions to the circuit court to enter an order confirming the decision of the Industrial Commission.

*Reversed and remanded, with directions.*