THE DONK BROS. COAL AND COKE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN ROACH, Defendant in Error.)

*Opinion filed April 20, 1927.*

1. WORKMEN'S COMPENSATION—*commission's finding will not be set aside unless clearly contrary to weight of evidence.* It is the duty of the Industrial Commission in the first instance to consider all the testimony and give it such weight as it is entitled to, and the Supreme Court will not reverse the finding and award of the commission unless the award is clearly contrary to the manifest weight of the evidence.

2. SAME—*when the employee is entitled to review under paragraph (h) of section 19.* Where an accidental injury is at the time of the original hearing not shown to have resulted in any loss of time in the employment but there is a finding of an accidental injury and that medical, surgical and hospital services had been furnished though no provision is made for the payment of compensation in installments or otherwise, the employee is nevertheless entitled to a review, under paragraph (h) of section 19 of the Compensation act, for subsequent loss of use of a member as a result of the injury, as the furnishing of medical services, though voluntarily paid, amounts to payment of compensation under the act and affords a basis for saying that an award was, in effect, entered.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

WHEELER, OEHMKE & McKNIGHT, for plaintiff in error.

W. J. MACDONALD, (A. W. KERR, of counsel,) for defendant in error.

325—13

Mr. Chief Justice Stone delivered the opinion of the court:

Defendant in error, John Roach, was injured while in plaintiff in error's mine on the 6th day of February, 1919. He was driving a motor used for drawing coal cars when struck on the right side of the face by a cable. He was knocked off the motor and the back of his head struck violently against an empty car. He suffered at that time a general paralysis of the right side of the face, including the right eye. Plaintiff in error furnished medical treatment. Roach remained at his work and lost no time. He filed application for compensation on October 16, 1919, alleging that he had an accident arising out of and in the course of his employment which caused partial loss of the sight of both eyes. He testified that he was thirty-nine years of age and had never had any trouble whatever with his eyes previous to this injury; that about two months after the accident the vision in his right eye began to fail and in four months after the injury the left eye began to fail. The hearing on the application was had in January, 1920, and on the twenty-second day of that month the arbitrator by his decision found that Roach had sustained accidental injuries on the 6th of February, 1919, arising out of and in the course of his employment, and further found that as a result of the injuries sustained the applicant did not suffer any loss of time for which compensation was payable nor any specific loss of use of his eye. The arbitrator also found that medical, surgical and hospital services had been furnished by plaintiff in error. Defendant in error filed a petition for review on the ground that the compensation awarded was inadequate, and on July 2, 1920, the commission found, upon consideration of the record made before the arbitrator and additional evidence offered on review, that the findings and the award of the arbitrator were correct and it was accordingly made the decision of

the commission. The only evidence offered before the commission other than the transcript of the evidence before the arbitrator was that of defendant in error, who testified that his sight was not as good as it was at the time of the hearing before the arbitrator; that before the injury he could recognize an acquaintance at a distance of about 400 feet but that at the time of the hearing before the commission he could distinguish an acquaintance at a distance of about 200 feet. His eyes had not improved but were getting worse. He did not wear and had not worn glasses. No review of the commission's findings was sought by either party.

On April 8, 1921, defendant in error filed a petition under paragraph (*h*) of section 19 of the act for review of the award of the Industrial Commission, alleging that the injury had subsequently increased and recurred. The hearing on this petition was had on October 21, 1924. On this hearing defendant in error testified that he was treated by Dr. Keller, of St. Louis, after the hearings before the arbitrator and the commission, and was advised by him to submit to an operation; that this treatment continued until in 1923, when he had an operation for a cataract on the left eye; that he lost the sight of the right eye and nearly all of the sight of the left eye. He testified that in December, 1920, he received a second injury to the left eye. In October, 1923, an operation was performed to remove the cataract on the left eye, and a second operation took place on the same eye for the same purpose in February, 1924. Dr. Jennings testified that he first examined defendant in error in September, 1923; that he had a cataract on both eyes; that his examination showed no kidney disease and his opinion was that the cataracts were traumatic; that it was impossible for him to testify absolutely but that he was not basing his opinion on conjecture; that it was possible to cause a cataract by an indirect injury to the eyeball resulting from a blow on the back of the head; that

he did not see defendant in error until September, 1923, and could not tell from the appearance of the cataracts whether they were senile or traumatic; that senile cataracts, in forming, radiate from the center toward the periphery; that a traumatic cataract will appear within two or three months following an injury. Dr. Keller, also an eye specialist, testified that he first saw Roach on December 9, 1920. He then had a cataract in each eye. He pronounced them senile cataracts in their early stages, and stated that while senile cataracts occur in men at the age of forty, such is not often the case.

The commission found that the disability of the applicant had increased subsequent to the award of the arbitrator; that he had suffered permanent and complete loss of the use of his right eye and permanent loss of seventy-five per cent of the use of the left eye, and that he had incurred medical and surgical expense amounting to $273.70. It accordingly awarded petitioner $12 per week for 100 weeks for loss of the right eye and $12 per week for 75 weeks for seventy-five per cent loss of the use of the left eye, with the sum of $273.70 for medical services. The award was affirmed by the circuit court of Madison county. Plaintiff in error brings the cause here by writ of error.

It is first contended that the decision of the commission is against the manifest weight of the evidence. There was here originally a finding of an accidental injury, and while it was found that at the time of the hearing before the arbitrator and commission no loss of sight was shown, the applicant's evidence was that two months after this injury his eyesight began to fail and the cataracts began to appear. While the medical testimony is not in accord as to the cause of the cataracts, both doctors agree that senile cataracts are unusual in a man of Roach's age. Dr. Jennings, for defendant in error, testified that he could not tell positively whether the cataracts were traumatic or senile because he did not see them until three years after the ac-

cident.   Dr. Keller, who testified that the cataracts were
senile, did not see them until more than eight months after
the injury.   Both physicians agree that traumatic cataracts
make their appearance from two to four months after an
injury.   Dr. Jennings based his opinion that the cataracts
were traumatic, partially on the fact that an examination
disclosed no symptoms of a senile cataract, such as kidney
trouble.   In this condition of the record we are unable to
say that the finding of the commission was against the
manifest weight of the evidence.   It is the province and
duty of the Industrial Commission in the first instance to
consider all the testimony and give it such weight as un-
der all the circumstances it is entitled to.   This court is
not warranted in reversing the finding of the commission
unless the award is shown to be clearly contrary to the
manifest weight of the evidence.   (*Inland Rubber Co.* v.
*Industrial Com.* 309 Ill. 43; *Aladdin Coal Co.* v. *Industrial
Com.* 308 id. 35; *Keller* v. *Industrial Com.* 302 id. 610.)
We are of the opinion, therefore, that plaintiff in error's
first contention cannot be sustained.

It is also urged that there is no right of review under
paragraph (*h*) of section 19 for the reason that that sec-
tion and paragraph provide only for review within eighteen
months of an agreement or award "providing for compen-
sation in installments," and that there was no award pro-
viding for compensation in installments in this case.   This
raises two questions.   The first is, whether to entitle a party
to such review the award must have been one to be paid
in installments.   It was held in *Peoria Railway Co.* v. *In-
dustrial Com.* 290 Ill. 177, that an award which had been
commuted by the commission to a lump sum on the peti-
tion of the applicant without agreement was such an award
as could be reviewed under paragraph (*h*) of section 19 of
the act.   To the same effect was the holding in *Tribune Co.*
v. *Industrial Com.* 290 Ill. 402, and *Ellsworth* v. *Industrial
Com.* 290 id. 514.   The second question arises on the con-

tention that since the arbitrator and commission found that the applicant did not suffer any loss of time for which compensation was payable and did not suffer any "specific loss of use of his eye," there was therefore no award and nothing to review under paragraph (*h*) of section 19. The arbitrator and commission found that the applicant sustained accidental injuries as claimed, arising out of and in the course of his employment, and that first aid, medical, surgical and hospital services had been furnished by plaintiff in error. The furnishing of medical, surgical and hospital services must be regarded as the payment of compensation under the Workmen's Compensation act. It has been so held in those cases where the issue to be determined was whether a demand for compensation was made within six months, as required by statute. (*Yellow Cab Co.* v. *Industrial Com.* 315 Ill. 235; *Field & Co.* v. *Industrial Com.* 305 id. 134; *Jackson* v. *Industrial Com.* 302 id. 281; *Central Car Works* v. *Industrial Com.* 290 id. 436.) The reasoning in those cases applies here. The fact of payments for medical and surgical services, coupled with the finding of an accidental injury arising out of and in the course of employment of the applicant, affords ample basis for saying that an award was, in effect, entered; that had not such payments been voluntarily made an award would have been entered therefor.

We are of the opinion that paragraph (*h*) of section 19 was intended to cover cases where an accidental injury arising out of and in the course of the employment has occurred though at the time of the hearing the injury had not resulted in loss of time of the employee or there was not then shown a loss of use of a member by reason of the accident. Where such loss of time or loss of use is shown to arise out of the accident, it is but within the purpose of the act to say that within eighteen months after the award an increase of the injuries resulting from the accident may be shown. The purpose of this review is met

by this construction of that section. It was inserted by the legislature because of the recognized inability of the medical profession to forecast with certainty results arising from an injury or the exact extent of that injury. (*Peoria Railway Co.* v. *Industrial Com. supra.*) Plaintiff in error's second contention cannot, therefore, be sustained.

There being no error in the judgment of the circuit court it will be affirmed.

                                     *Judgment affirmed.*