Rose B. Jolly, Admx., Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Donald Norris *et al.* Defendants in Error.)

*Opinion filed October 25, 1930.*

WALKER & O'HARRA, for plaintiff in error.

WALTER C. KIRK, PHILIP E. ELTING, and SCOFIELD & BELL, for defendants in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Upon an application charging that Edith M. Norris died as the result of an accidental injury which arose out of and in the course of her employment by Thomas J. Jolly, the Industrial Commission awarded compensation to her minor children. The decision of the commission was confirmed by the circuit court of McDonough county, and upon the petition of the administratrix of the deceased employer's estate, this court awarded a writ of error for a further review of the record.

Edith M. Norris was forty-four years of age and resided in the city of Macomb, in McDonough county. She was employed by Thomas J. Jolly, the proprietor of the Jolly Hotel in that city, from April or May, 1925, until August, 1927, except for one period of three months and another of three weeks. Thereafter she worked in a garment factory on week days and at the hotel on Sundays only.

The hotel occupied a three-story building and had thirty-five rooms. While employed at the hotel each day, Mrs. Norris assisted in the preparation of breakfast, worked in the kitchen and performed the duties of a chambermaid. In the kitchen there was a large coal stove with a gas plate in the rear. The stove had two ovens, one of which, called a warming oven, was about six feet from the floor. The employee who made use of this oven was required to reach up to it. A large coal bucket was kept in the kitchen. The usual method of supplying the stove with coal from this bucket was to use a hand shovel, but it was necessary to move the bucket occasionally when the floor was cleaned. The employees of the hotel also swept and dusted the rooms, moved cots and other furniture, turned mattresses once a week and washed windows and transoms. They put the soiled linens in bundles weighing from twenty-five to forty pounds and, because there was no elevator in the hotel, they carried these bundles to the laundry in the basement.

Mrs. Norris had a hernia in the year 1926, but how much earlier it first appeared the evidence fails to disclose. She had complained of it at different times while employed at the hotel. After working at the garment factory during the week, she reported for duty at the hotel on Sunday, September 25, 1927, at seven A. M. She had been engaged about fifteen minutes in preparing eggs and toast for breakfast, when she said she was sick and went to the second floor. She returned to the kitchen in a few minutes and continued her work until eight o'clock when she again complained that she was sick. She retired to one of the rooms on the second floor and at noon was taken home by her son. A physician was summoned and he found that she was suffering from a strangulated hernia. She was removed immediately to a hospital, an operation was performed by two surgeons on the same day and about three inches of the bowel were found to be gangrenous. She died five days

later, on September 30, 1927. The two surgeons confirmed the diagnosis of the physician.

The issue to be determined is whether the evidence discloses that the strangulation of the hernia was the result of an accidental injury which arose out of and in the course of Mrs. Norris' employment at the hotel. She had worked at the garment factory during the preceding week, and came to the hotel on Sunday morning. After working in the kitchen about fifteen minutes she said she was sick. For more than a year she had been afflicted with a hernia. The medical testimony is to the effect that reaching up to an oven or to wash windows or transoms or making some other effort not associated with an increase of the intra-abdominal pressure might tend to aggravate or to strangulate an existing hernia and that, on the average, only one strangulation is found in every three hundred and fifty cases of hernia.

It does not appear whether the hernia was strangulated prior to Mrs. Norris' arrival at the hotel on the morning of Sunday, September 25, 1927, or whether the strangulation was brought about during the very brief period she worked at the hotel on that day. It is undisputed that the bowel was gangrenous and this condition must have had its inception before she went to work on that particular Sunday morning. There is no evidence that, on the morning in question, she lifted or moved the coal bucket or that she reached up to the warming oven of the stove or that she did something which resulted in a strain upon her. The evidence fails to disclose any act or occurrence, in the course of her employment, to which her condition could be attributed. Even if she lifted the coal bucket or placed food in or took it from the warming oven, it can only be surmised that the act required excessive exertion, and if so, that the strain might have caused the strangulation of the hernia.

A claimant under the Workmen's Compensation act must prove by direct and positive evidence, or by evidence from

which the inference can be fairly and reasonably drawn, that the accidental injury or death of which complaint is made arose out of and in the course of the injured or deceased person's employment. (*Standard Oil Co. v. Industrial Com.* 339 Ill. 252; *Berry v. Industrial Com.* 335 id. 374; *New Staunton Coal Co. v. Industrial Com.* 328 id. 89; *Madison Coal Corp. v. Industrial Com.* 320 id. 298; *Edelweiss Gardens v. Industrial Com.* 290 id. 459; *Savoy Hotel Co. v. Industrial Board,* 279 id. 329). This court is not warranted in reversing the finding of the Industrial Commission unless the award made by it is shown to be clearly against the manifest weight of the evidence. (*Donk Bros. Coal Co. v. Industrial Com.* 325 Ill. 193; *Inland Rubber Co. v. Industrial Com.* 309 id. 43; *Aladdin Coal Co. v. Industrial Com.* 308 id. 35; *Keller v. Industrial Com.* 302 id. 610). It is our duty, however, to weigh and consider the evidence in the record, and if it is found that the decision of the commission is without substantial foundation in the evidence, the decision must be set aside. (*Berry v. Industrial Com. supra; Inland Rubber Co. v. Industrial Com. supra*). Liability under the Workmen's Compensation act cannot rest upon imagination, speculation or conjecture or upon a choice between two views equally compatible with the evidence but such liability must arise out of facts established by a preponderance of the evidence. (*Inland Rubber Co. v. Industrial Com. supra; Selz-Schwab & Co. v. Industrial Com.* 326 Ill. 120; *Berry v. Industrial Com. supra; Standard Oil Co. v. Industrial Com. supra*). The burden of proof was upon the defendants in error to prove by a preponderance of the evidence that Mrs. Norris' death was the result of an accident which arose out of and in the course of her employment. (*Hahn v. Industrial Com.* 337 Ill. 59). Such proof is wanting in this case.

The judgment of the circuit court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*