(No. 27050.—Judgment affirmed.)
WESTERN CARTRIDGE COMPANY, Defendant in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(OMAR GANNON,
Plaintiff in Error.)

*Opinion filed May 20, 1943.*

MACDONALD, MEYER & MEYER, for plaintiff in error.

VERLIE, EASTMAN & SCHLAFLY, and EMERSON BAETZ,
for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the
court:

This cause is here on writ of error allowed to review
the judgment of the circuit court of Bond county setting
aside an award of the Industrial Commission entered on
the application of plaintiff in error which alleged he had

been injured on February 3, 1941, while engaged in his regular employment with defendant in error, by the splashing into his eye of a sulphuric-acid solution. On hearing of evidence the arbitrator recommended an award for temporary total incapacity for work and found also that the injury did not cause any permanent disability. On hearing before the commission this award was allowed to stand.

The sole issue is whether the evidence in the record supports the finding and award of the Industrial Commission. Plaintiff in error's counsel insist that it does, and that the judgment of the circuit court setting aside the finding of the commission invades the province of the Industrial Commission to decide disputed facts.

Plaintiff in error had, for a number of years, been employed by defendant in error in the manufacture of shells and cartridges. His testimony would indicate that soon after his injury he reported to the assistant foreman and the superintendent of that department, and that he was sent by them to a first-aid room where his eye was treated by a nurse. This is positively denied by both the foreman and the superintendent who testified that he at no time reported any injury to them. The nurse in charge of the first-aid room also testified that her records did not show that he visited that room at any time on February 3, but that the first time he appeared there was on February 17, at which time he complained of an irritation in his left eye.

Medical testimony tends to show that he, at the time of the hearing, was suffering from a severe case of chronic conjunctivitis, which, it was explained, might be brought about either by chemical injuries to the lining of the eyelids or through other causes aided by the lodging of infection in the inflamed tissues. There was also evidence that such condition might be contributed to by infected tonsils and teeth. There is much testimony in the record

as to the extent to which his eyesight was affected, but, as we have said, the issue in the case is whether the chronic conjunctivitis was brought about by the presence of sulphuric-acid solution in the eye, or from other causes. The testimony shows that while the solution was less than 2 per cent sulphuric acid and more than 98 per cent water, it could produce conjunctivitis but would not create a chronic ailment unless infection was also introduced.

The burden devolves upon an applicant for compensation under the act, to establish by a preponderance of competent evidence all of the essential elements of his right to compensation. (*Nelson* v. *Industrial Com.* 346 Ill. 82; *Jolly* v. *Industrial Com.* 341 Ill. 46; *Inland Rubber Co.* v. *Industrial Com.* 309 Ill. 43.) Although there be in the record evidence, which, if undisputed, would sustain a finding for the applicant, such evidence is not sufficient, if, upon consideration of all of the evidence in the record and the circumstances shown in evidence, it appears that the manifest weight of the evidence is against the claim made. (*Mirific Products Co.* v. *Industrial Com.* 356 Ill. 645; *Mount Olive and Staunton Coal Co.* v. *Industrial Com.* 320 Ill. 618; *Camp Spring Mill Co.* v. *Industrial Com.* 302 Ill. 136.) It is the province of the commission to determine issues of fact, and its findings will not be disturbed unless they are against the manifest weight of the evidence. If they are, it is the duty of a court of review to set them aside. *Shell Petroleum Corp.* v. *Industrial Com.* 366 Ill. 642; *Harding Co.* v. *Industrial Com.* 355 Ill. 139.

The medical testimony was in agreement that conjunctivitis could be caused by acid burns. No one testified that in his opinion such was the cause of the injury to plaintiff in error. Some of defendant in error's medical testimony was to the effect that had it been so caused, there would have been traces of chemical injury, and that none were found in plaintiff in error's eye. It may be observed that

the mere fact that evidence of infection was found in the area, is not of itself conclusive that such was the cause of the conjunctivitis, since such infection might have been superimposed upon a chemical burn. Where the record shows this to be true, the presence of infection would not defeat the applicant's claim, since it could be seen that the chemical burn was a contributing cause to the condition, which had become aggravated by the presence of bacteria and the lowered resistance of the tissues affected by the burn.

No one other than the plaintiff in error testified to his having received the sulphuric-acid solution in his eye. There is nothing in the record to indicate that when examined by physicians there was anything in the condition then presented indicating a chemical burn, though, on the other hand, medical witnesses testified that it was impossible to tell whether the original injury had been a chemical burn or through infection due to lack of proper sanitation, or other causes.

As we have seen, plaintiff in error is not corroborated as to his having given notice on February 3 of the injury through acid burns, but on the contrary is directly disputed by the foreman, the superintendent, and by the nurse at the plant dispensary, all of whom flatly denied his testimony. Two nurses testified that the dispensary or first-aid station had no record of his having been there on February 3, and, as we have seen, none before February 17. There is medical testimony which indicates that the condition found in his eye might have been caused by a chemical burn, although the testimony is positive and in agreement that the pus cells found in the area would not be caused by a chemical burn. On the other hand, medical witnesses testified that upon search for evidence of a chemical burn at the time the eye was examined, which was sometime after the day on which the burn was alleged to have been received, they saw no evidence of a chemical

burn, and although it is true the evidences or symptoms of a chemical burn might have been obscured through infection in the area, yet the fact remains that the statement of the plaintiff in error that he received such burns on that day is entirely uncorroborated in this record.

There is evidence in the record of his malingering concerning his ability to see. On the matter of corroboration as to how the condition in his eye originated, however, there is nothing to support his contention that it grew out of acid burns.

An additional abstract was filed in this case and plaintiff in error moved to strike it. Objections were filed to that motion and it was taken with the case. The grounds upon which the motion is based are, that there has been a violation of the rules by the manner in which the additional abstract was prepared, in that the evidence was not condensed to narrative form, as required by the rules; that the abstract is unnecessary and that it contains some evidence not properly in the record. There is also filed as a part of this motion, a motion to strike certain photostatic copies of pictures as contained on page 6 in the answer to the petition for writ of error, which plaintiff in error's counsel say are not properly there. We have examined the additional abstract and the answer and while in the former there has not been a strict adherence to the rule as to narrative form, we are of the opinion that the violation of the rule is not sufficient to justify striking the additional abstract. We are also of the opinion that the motion to strike page 6 of the answer should be denied.

The circuit court was correct in concluding that the finding and award of the commission was against the manifest weight of the evidence and in setting it aside. The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*