(No. 30272.)

CORA WILHELM, doing business as Medical Products Co., *et al.,* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WARNER WILHELM, Defendant in Error.)

*Opinion filed January 22, 1948.*

ANGERSTEIN & ANGERSTEIN, and JACOBY & LYONS, (THOMAS C. ANGERSTEIN, GEORGE W. ANGERSTEIN, and ARMAND CHIAPPORI, of counsel,) all of Chicago, for plaintiffs in error.

HENRY L. KANE, and ARTHUR O. KANE, both of Chicago, for defendant in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

This case is before this court on a writ of error allowed upon the petition of The Aetna Casualty & Surety Company and Cora Wilhelm, plaintiffs in error, to review the orders and judgments of the circuit court of Cook County vacating and setting aside the original decision of the Industrial Commission in favor of plaintiffs in error, and directing the commission to find for defendant in error, and then later the order confirming a decision of the Industrial Commission entered in favor of Warner Wilhelm,

defendant in error, upon the remanding order with summary direction as above.

Defendant in error and his wife, one of the plaintiffs in error, at the time of the hearing before the arbitrator, had been married twenty-eight years, and had lived together continuously since their marriage, and had two children. On July 1, 1943, the date of the accidental injury for which defendant in error made claim for compensation, he was fifty years of age, and resided with his wife in a house in which he maintained a laboratory. At the time of the accident he was and had been for many years a pharmaceutical chemist. He was engaged in research work in scientific fields and had done consulting work for a number of companies. His wife, Cora Wilhelm, was not a chemist. Medical Products Company was merely a trade name under which pharmaceutical preparations, such as pills and tablets, were manufactured in the basement of the home where they lived. Two payroll auditors testified that on different occasions when they called upon his wife, for the purpose of making an audit of the payroll records, they had each been told by Wilhelm the business was a partnership; that he was a partner, and therefore his salary was not to be included in the payroll audit. The issuance of insurance policies on the business was arranged for by defendant in error, and they were issued to a copartnership. It is clear from the estimated total wages of employees for the policy period, as given in the declaration by the copartnership, that defendant in error was never considered to be an employee in the business. The record shows that defendant in error managed the business, made all business arrangements, and attended to all details of conducting and operating the same.

Defendant in error testified that he did not know who owned the old brick building where the accident occurred; that he participated in the negotiation, and that he presumed his wife had purchased the building; that he did

not know, and had no idea where the purchase money came from. He was injured by being struck in the right eye when a carborundum wheel exploded while he was cutting asbestos boards in this old brick building, which he and another man were remodeling.

Plaintiffs in error claim that, as a matter of law, Warner Wilhelm cannot be an employee of his wife, as defined by the Workmen's Compensation Act, and that the court erred in overruling the first finding of the commission. At common law a married woman could not be liable to her husband for injuries sustained while performing services for her, and except as modified by statute, the rights and liabilities of husband and wife are controlled by common law. However, within constitutional limits a State has the power to make such laws as may be deemed wise affecting the relationship between husband and wife. Illinois, as well as almost every other State, has adopted legislation enlarging the rights of married women. The extent of these enlarged rights was defined in *Snell* v. *Snell,* 123 Ill. 403, wherein the court said: "The law, however, in respect to the rights and disabilities of married women, has of late years undergone a radical change. By the acts of 1861, 1869, and 1874, married women are  *  *  *  placed upon a common footing with married men in respect to all property rights, including the means to acquire, protect, and dispose of the same." However, with the greatly enlarged rights and privileges which have been conferred on married women by legislative actions, certain restrictions have also been imposed by law.

Section 8 of the Husband and Wife Act (Ill. Rev. Stat. 1945, chap. 68, par. 8,) reads as follows: "Neither husband or wife shall be entitled to recover any compensation for any labor performed or services rendered for the other, whether in the management of property or otherwise." This section of the statute is largely determinative of the issue in this case. In *Reuter* v. *Stuckart,* 181 Ill. 529, it

was said: "As to the fact that appellant may have performed some labor for his wife upon the improvements located upon the premises, it may be said that he did not thereby acquire any interest therein. A husband in this State is not entitled to receive any compensation for labor performed or services rendered in the management of his wife's property. And in *Switzer* v. *Kee,* 146 Ill. 577, we held that while the wife may, under the statute, be entitled to her separate earnings, where she labors for another with the assent of her husband, she is not entitled to recover in her own right for services performed for him, or in or about his business. We are of the opinion both from the terms of section 8 itself, and from the construction and interpretation given it, that neither husband nor wife can recover for any labor performed or for services rendered to the other.

In the instant case, then, it seems clear that Cora Wilhelm would not be liable to her husband, defendant in error herein; in an action to recover wages or salaries under any contract of hire which may have existed between them. Of course, the claim of the defendant in error is for compensation under the terms and provisions of the Workmen's Compensation Act for a disability resulting from an accidental injury claimed to have been sustained while performing services for his wife, and that this situation would make the section of the Husband and Wife Act inapplicable. The Husband and Wife Act was enacted in 1874, long before the enactment of the Workmen's Compensation Act. This statute has been amended several times, but section 8 has never been amended, and stands today as originally enacted.

Section 4 of the Workmen's Compensation Act, (Ill. Rev. Stat. 1945, chap. 48, par. 141,) in defining employer, provides: "Every person, * * * who has any person in service or under any contract for hire, express or implied, oral or written, and who is engaged in any of the enter-

prises or businesses enumerated," etc. Section 5 (par. 142,) defines an employee in almost the converse of the above, as follows: "Every person in the service of another under any contract of hire, express or implied, oral or written," etc. These definitions do not necessarily override the provisions of section 8 of the Husband and Wife Act, because the common-law conception of the marital relation merged husband and wife into one person, and to allow them to employ each other would be the equivalent of one being both employer and employee, a concept not permissible under the compensation act.

Moreover, section 19(g) (par. 156,) provides a means by which execution may issue against the property of the employer to enforce the collection of an award made by the commission, something directly contrary to the provisions of the Husband and Wife Act, and in particular section 8 above mentioned.

The only case called to our attention as bearing directly upon the right of compensation by a husband from the wife is *In re Humphrey,* 227 Mass. 166, 166 N.E. 412, where it was held that compensation was not allowable to the wife as an employee under the Workmen's Compensation Act of that State. The definitions of employee and employer in that act are almost the same as those in the Illinois statute, but the court there held since employment implies a contractual obligation, and, as in Massachusetts a wife cannot make a contract of employment with her husband, she could not be an employee under the compensation act.

The defendant in error relies strongly upon *Keller* v. *Industrial Com.* 350 Ill. 390. There a woman was claiming a right to an award under the compensation statute for the death of a son killed while in the employ of her husband, who was the step-father of the boy. The contract of employment was between step-father and step-son, and the claim of the mother arose out of dependency under

other sections of the compensation act, and not out of a contract for labor or services between husband and wife, and the exact matter decided in that case is set out on page 400, as follows: "There is no principle of the common law hostile to the right of a mother to the benefit of the provisions of the Workmen's Compensation act in case of the death of her son upon whom she is dependent, caused by an accident occurring in the course of and arising out of his employment, and the right is not affected by the fact that his employer * * * is her husband." The statute does not inhibit claims for money accruing to the wife from other sources than contractual relations between husband and wife.

The case of *Reid* v. *Reid,* 216 Iowa, 882, 249 N.W. 387, has no application because section 10466 of the Iowa code provides: "Contracts may be made by a wife and liabilities incurred in the same may be enforced by or against her to the same extent, and in the same manner as if she were unmarried." While a provision of similar import exists in the Illinois statute, there was no limitation of the rights to recover for services between husband and wife in Iowa, as there is here, and the court based its decision in awarding compensation upon that fact.

These seem to be all of the cases involving the question as to whether the wife or husband can be an employee of the other within the meaning of the compensation act, and it is, indeed, singular that, out of thousands of cases arising during the last forty years, if the question were debatable it has been raised so infrequently. It has been suggested that the compensation act, having been enacted at a later date than the Husband and Wife Act, has the effect of repealing section 8 by implication. Repeals by implication are not favored, and the intention to repeal will not be presumed unless there is such a clear repugnance between two laws and their provisions that they cannot both be carried into effect. (*Kizer* v. *City of Mattoon,* 332 Ill.

545.) And it is not sufficent to justify an inference of repeal that the subsequent statute covers some, or even all, of the questions covered by the former. There must be an irreconcilable repugnancy. (*Seagram-Distillers Corp.* v. *Old Dearborn Distribution Co.* 363 Ill. 610.) "Statutes which are seemingly repugnant should, if possible, be so construed that the subsequent act may not operate to repeal by implication the earlier act. (*City of Geneseo* v. *Illinois Northern Utilities Co.* 378 Ill. 506; *People ex rel. Mathews* v. *Board of Education,* 349 id. 390; *People* v. *Shader,* 326 id. 145.)" *Brotherhood of Trainmen* v. *Elgin, Joliet and Eastern Railway Co.* 382 Ill. 55.

As a matter of public policy the State of Illinois has changed the common-law rights between husband and wife to a certain extent and has specified with great particularity what rights they may and may not exercise, both between themselves and between third parties, and it would seem that if the General Assembly had intended to change the rights of married people between themselves so that the husband may receive compensation based on wages for a considerable period, and the wife's property made subject to execution for such purpose, there would have been an express provision in the Workmen's Compensation Act to that effect. To construe this act as contended by defendant in error would burden the wife with a liability which not only did not exist at common law but is expressly forbidden by statute. Not only that, but if such principle is recognized, an easy way is opened to prove one of the jurisdictional elements of compensation, *viz.,* "employment," by persons whose interests are not adverse.

We are unable to say that the two acts are so irreconcilable that they cannot be operative at the same time, and, therefore, in the present case we are of the opinion that the defendant in error could not be an employee of his wife, Cora Wilhelm. The question of employment as one of the essential elements to the right of compensation

is also one of fact, (*Nelson* v. *Industrial Com.* 346 Ill. 82; *Western Cartridge Co.* v. *Industrial Com.* 383 Ill. 231,) and the facts as found by the commission upon the first hearing are against the contention of the defendant in error.

It must be assumed that when enacting the Workmen's Compensation Act the legislature knew of the existence of section 8 of the Husband and Wife Act, and there is no logical reason for assuming that it intended to repeal said section by implication. There also seems to be no legal basis for the contention that the wife, who would not be liable to her husband for salary, wages, or earnings for services performed for her, would nevertheless be liable under the Workmen's Compensation Act for compensation which, in the words of subsection (a) of section 10 of the act, (Ill. Rev. Stat. 1945, chap. 48, par. 147,) would be "computed on the basis of the annual earnings which the injured person received as salary, wages or earnings."

In view of the foregoing, and in view of the fact the Workmen's Compensation Act was substituted as a new remedy in lieu of common-law rights and liabilities in case of injuries to employees, we are of the opinion the legislature never- intended the act to be applied to injuries sustained by husbands while performing services for their wives, for which there clearly was no right of action at common law or by statute, and thus open a field of liability the extent of which cannot be calculated. The finding of the commission in its first decision, that the relation of employer and employee did not exist between the parties as a matter of fact, was one on which considerable evidence was heard and, unless contrary to the manifest weight of the evidence, should be sustained.

We have repeatedly held that under the Workmen's Compensation Act the burden of proof is upon the claimant. (*Chicago Daily News Co.* v. *Industrial Com.* 306 Ill. 212; *Kivish* v. *Industrial Com.* 312 Ill. 311.) Further, the burden is upon the applicant to establish by preponderance of

evidence all the essential elements of his right to the compensation. (*Nelson* v. *Industrial Com.* 346 Ill. 82; *Jolly* v. *Industrial Com.* 341 Ill. 46.) It is our considered opinion that proof that the relationship of employer and employee existed at the time of the accident is one of the essential elements of an award under the Workmen's Compensation Act. To establish this relation, one must be in the service of another under a contract of hire, express or implied. (*Thompson* v. *Industrial Com.* 351 Ill. 356.) The relationship existing in each case is a question of fact. (*Nelson Bros. & Co.* v. *Industrial Com.* 330 Ill. 27; *Stellwagen* v. *Industrial Com.* 359 Ill. 557.) It is the province of the Industrial Commission to draw reasonable inferences and conclusions from evidentiary facts. *Lawrence* v. *Industrial Com.* 391 Ill. 80; *Macon County Coal Co.* v. *Industrial Com.* 374 Ill. 219.

An award of the commission should not be set aside unless it is manifestly against the weight of the evidence. In the recent case of *Olin Industries, Inc.* v. *Industrial Com.* 394 Ill. 593, we held: "Where the facts are controverted and the determination of the disputed question of fact depends upon the credit to be given contradictory testimony, the courts will give due weight to the finding of the commission which is qualified by experience and special study to weight facts applicable to cases within its jurisdiction."

Having carefully examined all of the evidence contained in the record, it seems to us the Industrial Commission might reasonably have concluded that defendant in error was a partner with his wife; or that the business, being operated in his home, was a joint enterprise; or that defendant in error in fact owned the business and merely conducted the same in his wife's name. As a consequence, we believe there was sufficient evidence in the record of a contradictory nature to preclude the finding of the Industrial Commission on the first hearing from being manifestly

against the weight of the evidence. The finding of the commission on a question of fact will not be disturbed unless against the manifest weight of the evidence, regardless of how this court or the circuit court might hold, were it to hear the evidence. *Allen-Garcia Co.* v. *Industrial Com.* 334 Ill. 390; *Simpson Co.* v. *Industrial Com.* 337 Ill. 454.

In this case the commission was bound to follow the direction of the remanding order of the circuit court. The situation here is analogous to that in *Gray Knox Marble Co.* v. *Industrial Com.* 363 Ill. 210. In that case the commission in its original decision found that proper notice of the accident had not been given. Later, however, in compliance with directions from the circuit court on a remanding order the commission found that proper notice had been given, and awarded compensation. The circuit court on the second *certiorari* proceeding then entered an order confirming the decision of the commission, which had been entered an directed by the court in its remanding order, just as in the case under consideration. We reversed the judgment of the circuit court and reinstated the original decision of the commission. On page 216, we stated the rule to be as follows: "The subsequent finding of the commission that proper notice was given was in compliance with the remanding order of the circuit court, which the commission was bound to follow. However, we are not bound by such directions and may determine the question of law and fact according to our own judgment." To the same effect are *Yellow Cab Co.* v. *Industrial Com.* 333 Ill. 49, and *Brown Shoe Co.* v. *Industrial Com.* 374 Ill. 500.

We are of the opinion the circuit court erred in vacating and setting aside the original decision of the commission; erred in substituting its judgment for that of the commission finding that the relationship of employee and employer did not exist on the date of the accident, on the ground that such finding was contrary to the manifest weight of the evidence; and erred in holding that a wife is legally

liable to pay her husband for disability resulting from an accidental injury sustained while performing services for her. Consequently, the judgment is reversed and the award set aside.

*Judgment reversed; award set aside.*