(No. 33340.—

The City of Chicago, Appellant, *vs.* Harry Wickey,
Appellee.

*Opinion filed December 20, 1954.*

John J. Mortimer, Corporation Counsel, of Chicago,
(L. Louis Karton, and Sydney R. Drebin, of counsel,)
for appellant.

Crowley, Sprecher & Weeks, of Chicago, and Fran-
cis J. Coyle, of Rock Island, (Robert A. Sprecher, and
Frank A. Karaba, of counsel,) for *amici curiae.*

Mr. Justice Schaefer delivered the opinion of the
court:

The city of Chicago filed a complaint in the municipal
court of Chicago, charging the defendant, Harry Wickey,
with operating a table or implement for a game of bagatelle

or pigeonhole in violation of a city ordinance. The case was submitted to the court without a jury upon a stipulation of facts from which it appears that the defendant was the owner of a lunchroom and tavern in which he maintained a coin operated device known as "Bally Frolics 6 Player Pin Ball Machine." It was not disputed that the device falls within the terms of the ordinance, which makes it unlawful to keep or use, in any place of public resort within the city, any tables or implements for "bagatelle or pigeonhole," including "the modern variety of bagatelle or pigeonhole commonly known as pin games." Municipal Code of Chicago, section 193-26.

The defendant contended that the ordinance had been repealed by the 1953 statute by which the State imposed a privilege tax upon certain coin operated devices. (Ill. Rev. Stat. 1953, chap. 120, par. 481b.1-481b.12.) The city's position was that the new taxing statute had not repealed its authority to prohibit pin ball games, and that in any event the taxing statute is invalid because it is special legislation in violation of section 22 of article IV of the constitution, and because it authorizes a lottery or gift enterprise in violation of section 27 of article IV of the constitution. The trial court held the statute valid, and that it operated to repeal the ordinance. The city appeals.

In this court the city renews its contention that the statute is invalid. No brief was filed on behalf of the defendant, but *amici curiae* have filed a brief urging the validity of the statute. In the view we take of the case, however, it is not necessary to discuss the constitutional issues which have been argued.

At least since 1871, Illinois municipalities have been authorized by statute to prohibit pin ball, bagatelle or pigeonhole devices. (Laws of Illinois, 1871-72, Myers' ed., pp. 481, 491.) That authority now appears in section 23-56 of the Revised Cities and Villages Act, which provides that cities and villages have power: "To license, tax, regulate,

or prohibit pin, ball, or bowling alleys, billiard, bagatelle, pigeon-hole, pool, or any other tables or implements kept for a similar purpose in any place of public resort." Ill. Rev. Stat. 1953, chap. 24, par. 23-56.

There is no express repeal of this provision in the new taxing statute. Whether there has been a repeal by implication depends upon whether there is irreconcilable conflict between municipal authority to "license, tax, regulate, or prohibit," and the State's assertion of the taxing power. The 1953 act describes three types of coin operated devices upon which a privilege tax is imposed. It is undisputed that the device here in question falls within one of these types, and it is stipulated that the device bore a license tag indicating payment of the tax. The tax is imposed by section 1 of the act. With two exceptions the remaining sections of the act contain provisions for its administration and enforcement. Section 12 is a saving clause in the event of partial invalidity, and is not material here. Section 7 is as follows: "The right to tax the games or devices described in this Act is not exclusive with the State of Illinois, but municipalities of the State of Illinois shall have the right to impose taxes or license fees thereon and to regulate or control the operation of the same within such municipalities."

We think that it is clear that the legislature intended to leave undisturbed the power of municipalities over devices of the kind here involved. That intention is unmistakable as to municipal authority to license, tax and regulate. It is unmistakable also as to municipal authority to prohibit, unless we are to infer that by its reference to the right of municipalities to "control," the General Assembly intended a subtle distinction between power to "control" and power to "prohibit." Such an inference, if indeed it is permissible at all, is not a natural one, and will not support a repeal by implication. Such repeals occur only when the repugnancy between the earlier and the later statute is clear and

reconciliation is impossible. *City of Chicago* v. *Willett Co.* 1 Ill. 2d 311; *Wilhelm* v. *Industrial Com.* 399 Ill. 80.

There is no essential incompatibility between the delegation of police power to municipalities in the earlier statute and the State's assertion of the taxing power in the later statute. A municipality may decide to prohibit these devices or to permit them. The tax falls upon such devices as are operated, but the statute which imposes the tax does not purport to authorize the operation of any devices. The statute resembles somewhat the Federal tax on wagering, which does not purport to authorize wagering within any. State. See *United States* v. *Kahriger,* 345 U.S. 22.

We hold, therefore, that the prohibitory ordinance was in effect. The result which we here reach was reached also by the Supreme Court of Oregon upon strikingly similar facts. (*Terry* v. *City of Portland,* (Oregon) 269 Pac. 2d 544.) The judgment of the municipal court is reversed, and the cause is remanded, with directions to enter judgment in accordance with this opinion.

*Reversed and remanded, with directions.*